RENFROW, APPELLANT, *v.* BD. OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF CINCINNATI ET AL., APPELLEES.

[Cite as Renfrow v. Bd. of Edn., 3 Ohio App. 2d 193.]

(No. 9712—Decided June 14, 1965.)

*Messrs. Porter & McKinney*, for appellant.
*Mr. William A. McClain* and *Mr. William H. Brewe*, for appellees.

HILDEBRANT, P. J.   The trial court sustained a demurrer to an amended petition and dismissed the cause of action.   The appeal is here on questions of law only.

Plaintiff is a teacher employed by defendant board of education, holding a continuing contract under the Teacher Tenure Act, Section 3319.01 *et seq.*, Revised Code, whereby annually, prior to July 1st, the board of education is required to give notice as to the salary to be paid for the succeeding school year.

Plaintiff's first cause of action sets out that on May 24, 1964, he received notice of a salary to be paid him in amount of $11,250, his previous salary having been alleged to be $11,000; and that, thereafter, on June 22, 1964, he received a corrective notice of a salary to be paid him of $9,850.

Plaintiff claims that under the Act the first notice of May 25, 1964, constituted a binding contract for the succeeding year. The court finds this claim untenable since under the Act the board had until July 1st to give a notice which would only become binding on and after that date.

As to the first cause of action, the demurrer was properly sustained.

Plaintiff's second cause of action claims that under the Teacher Tenure Act his salary may not be reduced below its present $11,000 amount, and claims the difference between $11,000 and $9,850.   The particular section relied upon is Section 3319.12, Revised Code, which provides in part:

"Each board of education shall cause notice to be given annually not later than the first day of July to each teacher who holds a contract valid for the succeeding school year, as to the salary to be paid such teacher during such year.   Such salary

shall not be lower than the salary paid during the preceding school year unless such reduction is a part of a uniform plan affecting the entire district. * * *''

Plaintiff's third cause of action is for a declaratory judgment.

The oral arguments and briefs are based on factual matters nowhere appearing upon the face of the petition, which, if properly pleaded by way of answer, might very well determine the issues.

But the factual matters argued and briefed do not appear upon the record to this court, and we are bound to take the allegations of the petition as true and construe them most favorably to the plaintiff.

It, therefore, appears that, under the provisions of Section 3319.12 of the Revised Code quoted above, plaintiff has stated a cause of action good against demurrer in his second and third causes contained in the amended petition.

The judgment as to the second and third causes of action is reversed and the cause remanded for further proceedings.

*Judgment accordingly.*

LONG and HOVER, JJ., concur.